1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHODOOSHIM & SON, INC., a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>LULU'S FASHION LOUNGE HOLDINGS, INC., a Delaware Corporation; COLLEEN WINTER, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-02122-CAS-E<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

1

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

<u>B. GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial and/or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, confidential business or financial information, information regarding purchase and sale prices of fabric or garments by suppliers, manufacturers, importers, distributors or fashion retailers, information regarding business practices, information regarding the creation, purchase or sale of graphics used on textiles and garments, or other confidential commercial information (including information implicating privacy rights of third

B064718.1/49046-00001

1  parties), information generally unavailable to the public, or which may be

2  privileged or otherwise protected from disclosure under state of federal rules, court

3  rules, case decisions, or common law. Accordingly, to expedite the flow of

4  information, to facilitate the prompt resolution of disputes over confidentiality of

5  discovery materials, to adequately protect information the parties are entitled to

6  keep confidential, to ensure that the parties are permitted reasonable necessary uses

7  of such material in preparation for and in the conduct of trial, to address their

8  handling at the end of the litigation, and serve the ends of justice, a protective order

9  for such information is justified in this matter. It is the intent of the parties that

10  information will not be designated as confidential for tactical reasons and that

11  nothing be so designated without a good faith belief that it has been maintained in a

12  confidential, non-public manner, and there is good cause why it should not be part

13  of the public record of this case.

14

15  2.  <u>DEFINITIONS</u>

16      2.1 Action: This pending federal law suit.

17      2.2 Challenging Party: a Party or Non-Party that challenges the

18  designation of information or items under this Order.

19      2.3 "CONFIDENTIAL" Information or Items: information (regardless of

20  how it is generated, stored or maintained) or tangible things that qualify for

21  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

22  the Good Cause Statement.

23      2.4 "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

24  Information or Items: extremely sensitive "CONFIDENTIAL" Information or

25  Items, the disclosure of which to another Party or Non-Party would create a

26  substantial risk of serious harm that could not be avoided by less restrictive means.

27      2.5 Counsel: Outside Counsel of Record and House Counsel (as well as

28  their support staff).

B064718.1/49046-00001

1    2.6 Designating Party: a Party or Non-Party that designates information or
2    items that it produces in disclosures or in responses to discovery as
3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES
4    ONLY."

5    2.7 Disclosure or Discovery Material: all items or information, regardless
6    of the medium or manner in which it is generated, stored, or maintained (including,
7    among other things, testimony, transcripts, and tangible things), that are produced
8    or generated in disclosures or responses to discovery in this matter.

9    2.8 Expert: a person with specialized knowledge or experience in a matter
10   pertinent to the litigation who has been retained by a Party or its counsel to serve
11   as an expert witness or as a consultant in this Action.

12   2.9 House Counsel: attorneys who are employees of a party to this Action.
13   House Counsel does not include Outside Counsel of Record or any other outside
14   counsel.

15   2.10 Non-Party: any natural person, partnership, corporation, association, or
16   other legal entity not named as a Party to this action.

17   2.11 Outside Counsel of Record: attorneys who are not employees of a
18   party to this Action but are retained to represent or advise a party to this Action
19   and have appeared in this Action on behalf of that party or are affiliated with a law
20   firm which has appeared on behalf of that party, and includes support staff.

21   2.12 Party: any party to this Action, including all of its officers, directors,
22   employees, consultants, retained experts, and Outside Counsel of Record (and their
23   support staffs).

24   2.13 Producing Party: a Party or Non-Party that produces Disclosure or
25   Discovery Material in this Action.

26   2.14 Professional Vendors: persons or entities that provide litigation
27   support services (e.g., photocopying, videotaping, translating, preparing exhibits or
28   demonstrations, and organizing, storing, or retrieving data in any form or medium)

1  and their employees and subcontractors.

2      2.15 Protected Material: any Disclosure or Discovery Material that is

3  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

4  ATTORNEYS' EYES ONLY."

5      2.16 Receiving Party: a Party that receives Disclosure or Discovery Material

6  from a Producing Party.

7  3.   SCOPE

8      The protections conferred by this Stipulated Protective Order cover not only

9  Protected Material (as defined above), but also (1) any information copied or

10  extracted from Protected Material; (2) all copies, excerpts, summaries, or

11  compilations of Protected Material; and (3) any deposition testimony,

12  conversations, or presentations by Parties or their Counsel that might reveal

13  Protected Material, other than during a court hearing or at trial.

14      Any use of Protected Material during a court hearing or at trial shall be

15  governed by the orders of the presiding judge. This Order does not govern the use

16  of Protected Material during a court hearing or at trial.

17

18  4.   DURATION

19      Even after final disposition of this litigation, the confidentiality obligations

20  imposed by this Order shall remain in effect until a Designating Party agrees

21  otherwise in writing or a court order otherwise directs. Final disposition shall be

22  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

23  with or without prejudice; and (2) final judgment herein after the completion and

24  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

25  including the time limits for filing any motions or applications for extension of

26  time pursuant to applicable law.

27

28

5.    DESIGNATING PROTECTED MATERIAL

    5.1 Exercise of Restraint and Care in Designating Material for Protection.
Each Party or Non-Party that designates information or items for protection under
this Order must take care to limit any such designation to specific material that
qualifies under the appropriate standards. The Designating Party must designate for
protection only those parts of material, documents, items, or oral or written
communications that qualify so that other portions of the material, documents,
items, or communications for which protection is not warranted are not swept
unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber the case development process or to
impose unnecessary expenses and burdens on other parties) may expose the
Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection, that Designating Party must
promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2 Manner and Timing of Designations. Except as otherwise provided in
this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
under this Order must be clearly so designated before the material is disclosed or
produced.

    Designation in conformity with this Order requires:

        (a) for information in documentary form (e.g., paper or electronic
documents, but excluding transcripts of depositions), that the Producing Party affix
at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --
ATTORNEYS' EYES ONLY" to each page that contains protected material. If
only a portion or portions of the material on a page

1   qualifies for protection, the Producing Party also must clearly identify the

2   protected portion(s) (e.g., by making appropriate markings in the margins).

3          A Party or Non-Party that makes original documents available for inspection

4   need not designate them for protection until after the inspecting Party has indicated

5   which documents it would like copied and produced. During the inspection and

6   before the designation, all of the material made available for inspection shall be

7   deemed "CONFIDENTIAL." After the inspecting Party has identified the

8   documents it wants copied and produced, the Producing Party must determine

9   which documents, or portions thereof, qualify for protection under this Order.

10  Then, before producing the specified documents, the Producing Party must affix

11  the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

12  ONLY" legend to each page that contains Protected Material. If only a portion or

13  portions of the material on a page qualifies for protection, the Producing Party also

14  must clearly identify the protected portion(s) (e.g., by making appropriate

15  markings in the margins).

16         (b) for testimony given in depositions that the Designating Party identifies

17  on the record, before the close of the deposition as protected testimony.

18         (c) for information produced in some form other than documentary and

19  for any other tangible items, that the Producing Party affix in a prominent place on

20  the exterior of the container or containers in which the information is stored the

21  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'

22  EYES ONLY."  If only a portion or portions of the information warrants

23  protection, the Producing Party, to the extent practicable, shall identify the

24  protected portion(s).

25         5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent

26  failure to designate qualified information or items does not, standing alone, waive

27  the Designating Party's right to secure protection under this Order for such

28  material. Upon timely correction of a designation, the Receiving Party must make

B064718.1/46046-00001

1  reasonable efforts to assure that the material is treated in accordance with the
2  provisions of this Order.
3
4  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS
5        6.1 Timing of Challenges. Any Party or Non-Party may challenge a
6  designation of confidentiality at any time that is consistent with the Court's
7  Scheduling Order.
8        6.2 Meet and Confer. The Challenging Party shall initiate the dispute
9  resolution process under Local Rule 37.1 et seq.
10       6.3 The burden of persuasion in any such challenge proceeding shall be on
11 the Designating Party. Frivolous challenges, and those made for an improper
12 purpose (e.g., to harass or impose unnecessary expenses and burdens on other
13 parties) may expose the Challenging Party to sanctions. Unless the Designating
14 Party has waived or withdrawn the confidentiality designation, all parties shall
15 continue to afford the material in question the level of protection to which it is
16 entitled under the Producing Party's designation until the Court rules on the
17 challenge.
18
19 7.    ACCESS TO AND USE OF PROTECTED MATERIAL
20       7.1 Basic Principles. A Receiving Party may use Protected Material that is
21 disclosed or produced by another Party or by a Non-Party in connection with this
22 Action only for prosecuting, defending, or attempting to settle this Action. Such
23 Protected Material may be disclosed only to the categories of persons and under
24 the conditions described in this Order. When the Action has been terminated, a
25 Receiving Party must comply with the provisions of section 13 below (FINAL
26 DISPOSITION).
27       Protected Material must be stored and maintained by a Receiving Party at a
28 location and in a secure manner that ensures that access is limited to the persons

B064718.1/49046-00001

1 authorized under this Order.

2    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

3 otherwise ordered by the court or permitted in writing by the Designating Party,

4 any information or item designated "CONFIDENTIAL" may be disclosed only to:

5    (a) the Receiving Party's Outside Counsel of Record in this Action, as

6 well as employees of said Outside Counsel of Record to whom it is reasonably

7 necessary to disclose the information for this Action;

8    (b) for corporate parties, the officers, directors, and employees (including

9 House Counsel) of the Receiving Party to whom disclosure is reasonably necessary

10 for this Action; and for individual Parties, the individual Party, as well as his or her

11 employees and personal managers to whom disclosure is reasonably necessary for

12 this Action.

13    (c) Experts (as defined in this Order) of the Receiving Party to whom

14 disclosure is reasonably necessary for this Action and who have signed the

15 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16    (d) the court and its personnel;

17    (e) private court reporters and their staff to whom disclosure is reasonably

18 necessary for this Action and who have signed the "Acknowledgment and

19 Agreement to Be Bound" (Exhibit A);

20    (f) professional jury or trial consultants, mock jurors, and Professional

21 Vendors to whom disclosure is reasonably necessary for this Action and who have

22 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23    (g) the author or recipient of a document containing the information or a

24 custodian or other person who otherwise possessed or knew the information;

25    (h) during their depositions, witnesses, and attorneys for witnesses, in the

26 Action to whom disclosure is reasonably necessary provided: (1) the deposing

27 party requests that the witness sign the "Acknowledgment and Agreement to Be

28 Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential

B064718.1/49046-00001

information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) where the Receiving Party is one of the individual Parties, the regularly employed transactional counsel of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

       (a) The terms of this Order are applicable to information produced by a
Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Such information
produced by Non-Parties in connection with this litigation is protected by the
remedies and relief provided by this Order. Nothing in these provisions should be
construed as prohibiting a Non-Party from seeking additional protections.

       (b) In the event that a Party is required, by a valid discovery request, to
produce a Non-Party's confidential information in its possession, and the Party is
subject to an agreement with the Non-Party not to produce the Non-Party's
confidential information, then the Party shall:

              (1) promptly notify in writing the Requesting Party and the Non-Party
that some or all of the information requested is subject to a confidentiality
agreement with a Non-Party;

              (2) promptly provide the Non-Party with a copy of the Stipulated
Protective Order in this Action, the relevant discovery request(s), and a reasonably
specific description of the information requested; and

              (3) make the information requested available for inspection by the
Non-Party, if requested.

       (c) If the Non-Party fails to seek a protective order from this court within
14 days of receiving the notice and accompanying information or fails
contemporaneously to notify the Producing Party that it has done so, the Producing
Party may produce the Non-Party's confidential information responsive to the
discovery request. If the Non-Party timely seeks a protective order, the Producing
Party shall not produce any information in its possession or control that is subject
to the confidentiality agreement with the Non-Party before a determination by the

B064718.1/41046-00001

1    court, unless otherwise required by the law or court order. Absent a court order or

2    contractual provision to the contrary, the Non-Party shall bear the burden and

3    expense of seeking protection in this court of its Protected Material.  Nothing

4    herein, however, is intended to suggest that the Producing Party would lack

5    standing to seek protection in this court of the Protected Material of a Non-Party.

6

7    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8          If a Receiving Party learns that, by inadvertence or otherwise, it has

9    disclosed Protected Material to any person or in any circumstance not authorized

10   under this Stipulated Protective Order, the Receiving Party must immediately (a)

11   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

12   best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

13   the person or persons to whom unauthorized disclosures were made of all the terms

14   of this Order, and (d) request such person or persons to execute the

15   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

16   A.

17

18   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

19          PROTECTED MATERIAL

20          When a Producing Party gives notice to Receiving Parties that certain

21   inadvertently produced material is subject to a claim of privilege or other

22   protection, the obligations of the Receiving Parties are those set forth in Federal

23   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

24   whatever procedure may be established in an e-discovery order that provides for

25   production without prior privilege review. Pursuant to Federal Rule of Evidence

26   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

27   of a communication or information covered by the attorney-client privilege or

28

B064718.1/46046-00001

1  work product protection, the parties may incorporate their agreement in the

2  stipulated protective order submitted to the court.

3  12.    MISCELLANEOUS

4       12.1 Right to Further Relief. Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6       12.2 Right to Assert Other Objections. By stipulating to the entry of this

7  Protective Order, no Party waives any right it otherwise would have to object to

8  disclosing or producing any information or item on any ground not addressed in

9  this Stipulated Protective Order. Similarly, no Party waives any right to object on

10 any ground to use in evidence of any of the material covered by this Protective

11 Order.

12      12.3 Filing Protected Material. A Party that seeks to file under seal any

13 Protected Material must comply with Civil Local Rule 79-5 and with any pertinent

14 orders of the assigned District Judge and Magistrate Judge. Protected Material may

15 only be filed under seal pursuant to a court order authorizing the sealing of the

16 specific Protected Material at issue. If a Party's request to file Protected Material

17 under seal is denied by the court, then the Receiving Party may file the information

18 in the public record unless otherwise instructed by the court.

19

20 13.    FINAL DISPOSITION

21      After the final disposition of this Action, as defined in paragraph 4, within

22 60 days of a written request by the Designating Party, each Receiving Party must

23 return all Protected Material to the Producing Party or destroy such material. As

24 used in this subdivision, "all Protected Material" includes all copies, abstracts,

25 compilations, summaries, and any other format reproducing or capturing any of the

26 Protected Material. Whether the Protected Material is returned or destroyed, the

27 Receiving Party must submit a written certification to the Producing Party (and, if

28 not the same person or entity, to the Designating Party) by the 60 day deadline that

B064718.1/43046-00001

1   (1) identifies (by category, where appropriate) all the Protected Material that was
2   returned or destroyed and (2)affirms that the Receiving Party has not retained any
3   copies, abstracts, compilations, summaries or any other format reproducing or
4   capturing any of the Protected Material. Notwithstanding this provision, Counsel
5   are entitled to retain an archival copy of all pleadings, motion papers, trial,
6   deposition, and hearing transcripts, legal memoranda, correspondence, deposition
7   and trial exhibits, expert reports, attorney work product, and consultant and expert
8   work product, even if such materials contain Protected Material. Any such archival
9   copies that contain or constitute Protected Material remain subject to this
10  Protective Order as set forth in Section 4 (DURATION).

11

12  14.    Any violation of this Order may be punished by any and all appropriate
13  measures including, without limitation, contempt proceedings and/or monetary
14  sanctions.

15

16

17  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18

19  DATED: June 22, 2018

20  /s/ C. Yong Jeong
21  C. Yong Jeong, Esq.
    Attorney for Plaintiff
22  GHODOOSHIM AND SON, INC.

23  DATED: June 22, 2018
24

25  /s/ Aaron Michael Wais
    Aaron Michael Wais
26  Attorney for Defendants
27  LULU'S'S FASHION LOUNGE HOLDINGS, INC.,
    COLLEEN WINTER

28

[PROPOSED] ORDER

B064718.1/49046-00001

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. DATED.

2

3  DATED: _June 22, 2018_

4  ~~signature~~

5  Honorable Charles F. Eick

6  United States District/Magistrate Judge

7

8  ## EXHIBIT A

9  ## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

10  I, _____ [print or type full name], of

11  _____ [print or type full address], declare under penalty of perjury

12  that I have read in its entirety and understand the Stipulated Protective Order that

13  was issued by the United States District Court for the Central District of California

14  on [date] in the case of *Ghodooshim and Son, Inc. v. Lulu s Fashion Lounge*

15  *Holdings, Inc., et al 2:18-cv-02122-CAS-E.*  I agree to comply with and to be

16  bound by all the terms of this Stipulated Protective Order and I understand and

17  acknowledge that failure to so comply could expose me to sanctions and

18  punishment in the nature of contempt. I solemnly promise that I will not disclose in

19  any manner any information or item that is subject to this Stipulated Protective

20  Order to any person or entity except in strict compliance with the provisions of this

21  Order.

22  I further agree to submit to the jurisdiction of the United States District Court for

23  the Central District of California for the purpose of enforcing the terms of this

24  Stipulated Protective Order, even if such enforcement proceedings occur after

25  termination of this action. I hereby appoint _____ [print

26  or type full name] of _____ [print or

27  type full address and telephone number] as my California agent for service of

28

B064718.1/45046-00001

1  process in connection with this action or any proceedings related to enforcement of
2  this Stipulated Protective Order.

3  Date: _____

4  City and State where sworn and signed: _____

5

6  Printed name: _____

7  Signature: _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B064718.1/49046-00001